**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **AMANDA LORING** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| | § | |
| **AQUATIC CARE PROGRAMS, INC.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Amanda Loring files this Original Complaint against The Aquatic Care Programs, Inc. ("Aquatic").

## NATURE OF THE CASE

1. This is an employment discrimination and equal rights lawsuit brought against Aquatic under the Americans with Disabilities Act, as amended 42 U.S.C. §§ 12101 *et seq*. (the "ADA") as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and the Pregnancy Discrimination Act.

2. Ms. Loring files this lawsuit because Aquatic discriminated against her because of her pregnancy and failed to accommodate her disabilities that resulted from said pregnancy as required by law.

## PARTIES

3. Ms. Loring is an individual currently residing in Houston, Texas. Ms. Loring may be served with any supplemental pleading or paper through the undersigned counsel.

4. Aquatic is a corporation organized under the laws of Texas. Aquatic may be served with process through its registered agent: James Wyckoff, 675 Bering Dr., Suite 390, Houston, TX 77057.

## JURISDICTION

5. This Court has subject matter jurisdiction over Ms. Loring's claims under 28 U.S.C. §§ 1331 and 1343, because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

6. Ms. Loring has exhausted her administrative remedies before filing this lawsuit. On February 17, 2014,, Ms. Nalty filed a Charge with the Equal Employment Opportunities Commission. On October 16, 2014, the EEOC provided her with a Notice of Right to Sue.

## VENUE

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), (c) and 42 U.S.C. § 2000e-5(f)(3), as Aquatic has offices, conducts business, and can be found in this district, and the causes of action arose and the acts and omissions complained of occurred there.

## RELEVANT FACTS

8. Aquatic is in the business of physical therapy and rehabilitation. Aquatic uses a mixture of dry land and pool therapy to help patients recover from various injuries and surgeries. Aquatic because it is a "no lift" facility meaning that physical therapists are not required to be lifting patient in or out of the pool.

9. Ms. Loring is a licensed physical therapy assistant, and has worked for Aquatic in such a capacity since December 6, 2010.

10. In or about April 2013, Ms. Loring informed her supervisor at Aquatic, Trisha Biasotti, that she was pregnant. She also informed Ms. Biasotti that her pregnancy had been

classified as "high risk", and that she would need frequent doctor's visits, and would potentially face work restrictions at some point during her pregnancy.

11. Upon learning of Ms. Loring's condition, Ms. Biasotti engaged in a pattern of activity designed to force Ms. Loring from her employment with Aquatic. First, even though Ms. Loring had been placed on no restrictions at the time, Ms. Biasotti demanded that Ms. Loring immediately take a part-time position or quit. When Ms. Loring did neither, Ms. Biasotti forced Loring onto part-time status and cut her weekly work hours from 40 to 25. This resulted in Aquatic revoking Loring's health insurance at the very moment she was experiencing a high-risk pregnancy and needed significant care.

12. In July 2013, Loring was briefly hospitalized because of her pregnancy after which, her doctor cleared her to work, but placed her on some work restrictions. Loring met with Biasotti regarding modified work duties for the remainder of her pregnancy. Biasotti however refused any such accommodation, and told Loring that she could not return to work until she had no disability whatsoever. As a result of this conversation, Loring was placed on indefinite leave. As such, Loring received no compensation, nor did she receive health insurance from Aquatic. Although Loring was told that this was a "temporary" condition, Aquatic has refused to re-hire or otherwise provide her work since her pregnancy.

## CAUSES OF ACTION

### Cause of Action 1--Discrimination Against Disability in Violation of the Americans With Disabilities Act 42 U.S.C. §§ 12111 *et seq*

13. Ms. Loring incorporates the allegations of Paragraphs 1-12 as if fully set forth herein.

14. Aquatic is an employer as defined in 42 U.S.C. 12111.

15. Loring is a qualified employee for the position she held at Aquatic. At the time of the discrimination complained of herein, Loring was an individual with a disability.

16. Aquatic was aware of Ms. Loring's disability.

17. Aquatic discriminated against Ms. Loring by virtue of her disability. Specifically, Aquatic, through its manager Trisha Biasotti, targeted Loring 1) by wrongfully and without notice changing her employment status to part time; 2) wrongfully taking Loring's health benefits; and 3) taking all work hours from Loring on the basis of her disability when she was still capable of handling the core requirements of her job.

18. Alternatively, Aquatic discriminated against Loring by failing to make reasonable steps to accommodate Loring's disability. Aquatic failed to participate in any collaborative process with Loring to accommodate her disability, and instead wrongfully insisted that Loring have no disability whatsoever before being allowed to work.

19. Because of the unlawful acts of Aquatic, Loring has suffered damages in the form of lost front and back pay, as well as for mental anguish.

### Cause of Action 2--Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and the Pregnancy Discrimination Act

20. Ms. Loring incorporates the allegations of Paragraphs 1-12 as if fully set forth herein.

21. Aquatic is an employer as defined in 42 U.S.C. §2000e(b).

22. Ms. Loring was an employee of Aquatic. At all relevant times, Loring was qualified for the position she held.

23. Loring suffered an adverse employment action by virtue of be subjecting by Aquatic to a different standard than non-pregnant men also employed there.

24. By subjecting Ms. Loring to terms and conditions to which similarly situated male employees were not exposed, Aquatic unlawfully discriminated against Ms. Loring on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a)(1) as well as the Pregnancy Discrimination Act.

25. Because of the unlawful acts of Aquatic, Loring has suffered damages in the form of lost pay, as well as for mental anguish.

## Cause of Action 3--Attorneys' Fees

26. Ms. Loring incorporates the allegations of Paragraphs 1-12 as if fully set forth herein.

27. Because of Aquatic's unlawful acts as described herein, Ms. Loring has had to retain an attorney, and will be required to pay attorneys' fees.

28. Ms. Loring seeks an award of the attorney's fees she incurs in this lawsuit as provided by law.

## RELIEF REQUESTED

29. Based on the foregoing, Plaintiff Amanda Loring requests that the Defendant be cited to appear and answer this Complaint, and that upon trial of this lawsuit, that she be granted the following relief:

   a. Compensatory and punitive damages in an amount to be determined at trial;

   b. An award of costs and attorney's fees; and

   c. All other relief to which she is justly entitled.

Respectfully submitted,

By: */s/ M. Kevin Powers*
    M. Kevin Powers--*Attorney in Charge*
    State Bar No. 24041715
    5900 Memorial Drive, Suite 305
    Houston, TX 77007
    (713) 621-0700 (tel)
    (713) 621-0709 (fax)

    **COUNSEL AMANDA LORING**

**OF COUNSEL:**

**PORTER & POWERS, PLLC**
5900 Memorial Drive, Suite 305
Houston, TX 77007
(713) 621-0700 (tel)
(713) 621-0709 (fax)